IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RICHARD SIMMON-ROMAN, et al<br><br>**Plaintiffs**<br><br>v.<br><br>ABC INSURANCE COMPANY, et al<br><br>**Defendants** | **CIVIL NO.** 17-1180(RAM) |

### OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, U.S. District Judge

Pending before the Court is Plaintiffs *Urgent Notice of Appearance and Motion for Reconsideration*. (Docket No. 55). For the reasons discussed below, Plaintiffs request for reconsideration at Docket No. 55 is **DENIED**.

### I.   BACKGROUND

On June 11, 2020, Plaintiffs' attorney Michelle M. Silva-Marrero filed a *Motion to Withdraw Legal Representation*. (Docket No. 38). The Court held said motion in abeyance and granted Plaintiffs until July 10, 2020 to appoint new counsel and for the latter to enter an appearance. (Docket No. 39). Subsequently, the Court granted Plaintiffs extensions of time to file their new attorney's notice of appearance. (Docket Nos. 40 and 48).

On September 3, 2020, attorney Fredeswin Perez-Caballero ("Perez-Caballero") filed a motion informing the court that he had

been contacted by Plaintiffs, and was inclined to accept being retained, but wanted more time to review the case file before deciding. (Docket No. 51 ¶¶ 2-3). Therefore, Mr. Perez-Caballero "request[ed] an additional term until October 5, 2020 to announce legal representation. The ample term is requested in the event I am unable to appear, so they have sufficient time to secure representation." Id. ¶ 4. The Court granted this request but notified Plaintiffs that: "**[n]o further extensions shall be granted. If Plaintiffs' new attorney does not enter an appearance by 10/5/2020, the Court will dismiss the case without prejudice**." (Docket No. 52). (emphasis added).

Plaintiffs' new legal counsel did not file a notice of appearance on October 5, 2020, as ordered by the Court. Accordingly, on October 6, 2020, the Court dismissed the case without prejudice. (Docket No. 53). That same day, Plaintiffs, through attorney Perez-Caballero, filed an *Urgent Notice of Appearance and Motion for Reconsideration* stating that Perez-Caballero accepted to represent Plaintiffs but had "mistakenly entered into his calendar 10/10/2020 as the deadline to announce legal representation." (Docket No. 55 ¶¶ 3-4). The Court ordered Defendants to respond. (Docket No. 56). On October 13, 2020, Defendants filed a *Motion in Compliance with Order* alleging that Plaintiffs have not justified their failure to comply with the

Court's orders or to diligently prosecute their claims. (Docket No. 57).

## II. LEGAL STANDARD

### A. Fed. R. Civ. P. 6(b)(1)(B)

Generally, litigants must show good cause when seeking an extension of a court deadline. In the ordinary course, a litigant who seeks an extension of time must show good cause for the desired extension. Rivera-Almodovar v. Instituto Socioeconomico Comunitario, Inc., 730 F.3d 23, 26 (1st Cir. 2013) (citing Fed.R.Civ.P. 6(b)(1)). When the deadline in question has expired, Fed. R. Civ. P. 6(b)(1)(B) requires more, namely: the litigant must show that their "failure to request an extension in a timeous manner constitutes **excusable neglect**." Id. "In federal civil procedure, "excusable neglect" is a term of art." Id.

When determining whether a party's actions constitute excusable neglect, courts must take into account "all relevant circumstances surrounding the party's omission" and specifically analyze the following factors: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395, (1993). See also Tubens v. Doe, 2020 WL 5834736, at *3

(1st Cir. 2020) (applying Pioneer to cases regarding excusable neglect in the context of Fed. R. Civ. P. 6(b)(1)(B) controversies). The First Circuit has held that although each of the four factors "should be weighed, there is ultimately a thumb on the scale because '[w]ithin the constellation of relevant factors, the most important is the **reason** for the particular oversight.'" Skrabec v. Town of N. Attleboro, 878 F.3d 5, 9 (1st Cir. 2017) (quoting Nansamba v. N. Shore Med. Ctr., Inc., 727 F.3d 33, 38-39 (1st Cir. 2013)) (emphasis added).

**B. Fed. R. Civ. P. 59(e)**

The Federal Rules of Civil Procedure do not provide for the filing of motions for reconsideration. A motion that asks "the court to modify its earlier disposition of a case because of an allegedly erroneous legal result is brought under Fed. R. Civ. P. 59(e)." Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 (1st Cir. 2005). *See also* United States v. Pérez-Greaux, 382 F.Supp.3d 177, 178 (D.P.R. 2019). The United States Court of Appeals for the First Circuit ("First Circuit") has held that altering or amending a judgment is "an extraordinary remedy which should be used sparingly." United States ex rel. Ge v. Takeda Pharm. Co., 737 F.3d 116, 127 (1st Cir. 2013) (internal quotation omitted). Consequently, the decision to deny a Rule 59(e) motion is within the sound discretion of the district court. *See* McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983).

Thus, a district court may grant reconsideration **only** if there is a "manifest error of law, [...] newly discovered evidence, or in certain other narrow situations [such as a change in controlling law]." United States v. Peña-Fernández, 394 F.Supp.3d 205, 207 (D.P.R. 2019) (quoting Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014)). The moving party bears the burden of proving that one of these three conditions exist to warrant reconsideration. *See* Sutherland v. Ernst & Young LLP, 847 F. Supp. 2d 528, 531 (S.D.N.Y. 2012).

### III. ANALYSIS

In the case at bar, Plaintiffs have not met their burden under Rule 6 or Rule 59 of Federal Civil Procedure. Specifically, Plaintiffs' two-page *Urgent Notice of Appearance and Motion for Reconsideration* does not address (1) the concept of excusable neglect nor (2) any grounds on which reconsideration would be proper. (Docket No. 55).

Plaintiffs have not established good cause, let alone excusable negligence to warrant an additional extension after the time allotted by the Court had expired as required by Fed. R. Civ. P. 6. Plaintiffs originally had until July 10, 2020 to enter their new counsel's notice of appearance. (Docket No. 39). The Court subsequently granted **three** extensions, *i.e.* until October 5, 2020, for Plaintiffs to comply. (Docket Nos. 40, 48, 52). In fact, the Court's first extension was granted *sua sponte*, after Plaintiffs

Case 3:17-cv-01180-RAM   Document 59   Filed 10/15/20   Page 6 of 7
Civil No. 17-1180(RAM)                                            6

had failed to comply with the original July 10, 2020 deadline. (Docket No. 40). Plaintiffs were repeatedly warned that failure to enter a notice of appearance would warrant dismissal without prejudice. (Docket Nos. 40, 48, 52). Plaintiffs' only proffered reason for their lack of compliance is that Mr. Perez-Caballero, "mistakenly entered into his calendar 10/10/2020 as the deadline to announce legal representation" instead of October 5, 2020. (Docket No. 55 ¶¶ 3-4). Notably, Plaintiffs do not address the other three factors established by the Supreme Court in Pioneer. The First Circuit has repeatedly held that an attorney's "'inattention or carelessness,' without more, 'normally does not constitute excusable neglect.'" Rivera-Almodovar, 730 F.3d at 27 (quoting Dimmitt v. Ockenfels, 407 F.3d 21, 24 (1st Cir.2005)). See also Stonkus v. City of Brockton Sch. Dep't, 322 F.3d 97, 101 (1st Cir. 2003) ("The stated reasons for the neglect—confusion over filing dates and busyness—hold little water."). Thus, Plaintiffs have not established that their failure to comply with the Court's deadline amounts to excusable neglect warranting an extension.

Similarly, Plaintiffs have not articulated a manifest error of law, newly discovered evidence, a change in controlling law or any other circumstance that would warrant the extraordinary remedy that is reconsideration. See Peña-Fernández, 394 F.Supp.3d 205;

Takeda Pharm. Co., 737 F.3d 127. Therefore, Plaintiffs have not met their burden and reconsideration is not proper.

### IV.  CONCLUSION

In light of the above, the Court **DENIES** Plaintiffs' *Urgent Notice of Appearance and Motion for Reconsideration* at Docket No. 55.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 15th day of October 2020.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge
